# PAWAR LAW GROUP P.C.

### ATTORNEYS AT LAW

|  |  |  |
|---|---|---|
| **Robert Blossner**<br>**Vik Pawar** | 20 VESEY STREET SUITE 1210<br>NEW YORK NEW YORK 10007<br><br>TEL (212) 571 0805<br>FAX (212) 571 0938<br>www.pawarlaw.nyc | NEW JERSEY OFFICE:<br><br>6 SOUTH STREET, SUITE 201<br>MORRISTOWN, NEW JERSEY |

June 7, 2019

**BY ECF**
The Honorable Kevin McNulty
United States District Judge

Re:   *Johnson v. Schwartz, et al.*, No. 2:18-cv-00903 (KM) (JBC)

Dear Judge McNulty:

      I write on behalf of Plaintiff Reed Johnson in the above captioned shareholder derivative action (the "Derivative Action") in response to the Court's Notice of Call for Dismissal Pursuant to Fed.R.Civ.P.4(m) issued on May 22, 2019 (the "Notice"). Docket No. 11. The Notice informed the parties that the Derivative Action would be dismissed on 6/12/2019 "for failure to effect service of the summons and complaint within 90 days of the filing of the complaint" unless proof that service was effected is filed with the Clerk of the Court before the return date of the Notice.  *See id*.

      Pursuant to the Notice, I write to inform the Court that such evidence relating to proof of service in the Derivative Action is already before the Court in the form of a Court order dated May 1, 2018. Docket No. 6.

      On May 2, 2018, the Court entered an order, signed by Your Honor on May 1, 2018, granting a stipulation to stay (the "Order") and noted Defendants' acceptance of service on the docket entry itself. *See* Docket No. 6. The Order included a term pertaining to acceptance of service that stated in relevant part, "[e]ach Defendant hereby acknowledges that she, he, or it has accepted service of the complaint in this action as of March 23, 2018 . . ." *Id* at ¶ 8. As such, pursuant to the Order, service was effectuated as of March 23, 2018, within 90 days of the filing of the complaint, which took place on January 23, 2018. Docket No. 1.

   Therefore, we respectfully request that the Derivative Action not be dismissed under Federal Rule of Civil Procedure 4(m) and that the proceedings in the case remain stayed in accordance with the terms of the Order.[1]

   I thank the Court and am available should chambers have any questions or concerns.

                Respectfully,

                /s_____
                Vik Pawar (VP9101)


Cc:  All counsel (by ECF)

---

[1] Under the terms of the Order, proceedings in the Derivative Action are to remain stayed until either (1) the securities class action captioned *In Re Galena Biopharma Inc. Securities Litigation*, Case No. 2:17-cv-00929-KM-JBC (the "Securities Litigation") is dismissed with prejudice, and all appeals related thereto have been exhausted; (2) the motion to dismiss the Securities Litigation is denied, and the stay dissolves as a matter of law; or (3) a party provides a ten (10) day notice that the party no longer consents to the voluntary stay of the Derivative Litigation.